PER CURIAM.
State Farm Mutual Automobile Insurance Company (“State Farm”) appeals a Final Declaratory Judgment in which the circuit court ruled that the language of State Farm’s insurance policies operated to toll the applicable statute of limitations on Michael Bishop’s (“Bishop”) claim. We reverse.
Bishop sustained injuries in an auto accident that occurred on April 12, 1991. At the time of the accident, State Farm provided uninsured/underinsured motorist (“UM”) coverage to Bishop through three insurance policies. He filed suit against the tortfeasor in February, 1995, and in March, 1998, the tortfeasor tendered its $300,000 policy limits in settlement of the claim. On March 10, 1998, Bishop wrote State Farm seeking permission to settle with the tortfeasor. State Farm responded that the statute of limitations on his UM claim had expired. Bishop wrote a second letter, and State Farm again responded that its consent to the settlement was moot since the statute of limitations had run on any UM claim. Bishop settled with the tortfeasor and then sued State Farm for a declaratory judgment, asserting the UM claim.
Appellee’s position before the circuit court and this court has been that the policy language in this case is virtually the same as the policy language in Woodall v. Travelers Indemnity Co., 699 So.2d 1361 (Fla.1997), and that the circuit court properly resolved this case consistent with Woodall. State Farm argues, however, and we agree, that a reading of the entire UM portion of the State Farm policies, in particular the section entitled “Deciding Fault and Amount,” distinguishes this case from Woodall.
In the present case, the policy provides that “there is no right of action against us: A. Until all terms of this policy have been met.” It also provides that “[t]he limits of bodily injury liability of the person legally liable shall be exhausted before any award may be entered against us.” And: “[w]e will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.” Those provisions are similar to those found in the policy at issue in Woo-dall.
What distinguishes the instant case from Woodall is that the State Farm policy does not preclude the policy holder from filing suit against State Farm until after proceedings have been concluded against the tortfeasor. As appellant points out, the phrase “legally entitled to collect” in the context of the present policies does not mean that judgment must be entered against the tortfeasor before a claim can be asserted against State Farm.
In Woodall, the court realized that the tortfeasor, not a party to the insurance contract, had control over when the policy holder could file suit against the UM carrier. The court noted that:
*103 the “exhaustion clause” in this case does not contain a remedy directed toward the insurer. Rather, it requires a claimant for [UM] benefits to first prosecute a claim against a third party, and there is no guarantee that this condition precedent can be successfully satisfied within the limitations period, (emphasis in original)
In the present case, the policy does contain a remedy directed toward the insurer, and it does not give a third party control over when suit may be filed such that the condition precedent might not be accomplished within the limitations period. We agree with appellant that the term “exhausted” as used in the present policies means that UM benefits are payable only when a jury award in a suit filed against the tortfeasor and State Farm exceeds the liability limits of the tortfeasor.
REVERSED.
JOANOS, WEBSTER and PADOVANO, JJ., CONCUR.